UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SABIR AL-MANSUR,<br><br>           Plaintiff,<br>   v.<br><br>JUDGE WYNNE CARVILL, et al.,<br><br>           Defendants.<br>_____/ | No. C 13-03503 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Re: ECF Nos. 6, 8] |

## INTRODUCTION

This action is yet another installment in the ongoing legal saga involving Plaintiff Sabir Al-Mansur and Defendants. *See* Complaint, ECF No. 1.[1] Mr. Al-Mansur formerly owned four properties in Oakland, California: 2415 Market Street; 2417 Market Street; 2419 Market Street; and 2421 Market Street. In 2011 and 2012, Defendant Gross Mortgage Corporation filed in Alameda County Superior Court four unlawful detainer complaints against Mr. Al-Mansur with respect to these four properties.[2] Mr. Al-Mansur removed three of these actions to federal court two times, and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[2] *See Gross Mortgage Corporation v. Al-Mansur*, No. RG11602224 (Alameda County Superior Court Oct. 28, 2011) (regarding the 2421 Market Street property) (the "2421 Market Street Unlawful Detainer Action"); *Gross Mortgage Corporation v. Al-Mansur*, No. RG11610380 (Alameda County Superior Court Dec. 30, 2011) (regarding the 2419 Market Street property) (the "2419 Market Street Unlawful Detainer Action"); *Gross Mortgage Corporation v. Al-Mansur*, No.

he removed the other one to federal court four times.[3] The federal court uniformly have remanded these actions back to state court.[4] Mr. Al-Mansur also filed in federal court a complaint against Defendants Gross Mortgage Corporation, Contractors Capital Corporation, Barry Gross, and Felix Seidler (collectively, the "Mortgagee Defendants"), in which he alleged Defendants "misapplied state law" with respect to Gross Mortgage's unlawful detainer actions and asked the federal court,

---

RG12654029 (Alameda County Superior Court Oct. 29, 2012) (regarding the 2415 Market Street property) (the "2415 Market Street Unlawful Detainer Action"); *Gross Mortgage Corporation v. Al-Mansur*, No. RG12654035 (Alameda County Superior Court Oct. 29, 2012) (regarding the 2417 Market Street property) (the "2417 Market Street Unlawful Detainer Action").

[3] *See Gross Mortgage Corporation v. Al-Mansur*, No. C12-00650 RS, ECF No. 1 (N.D. Cal. Feb. 9, 2012) (first removal of action regarding the 2419 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-01102 YGR, ECF No. 1 (N.D. Cal. Mar. 6, 2012) (first removal of action regarding the 2421 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-03508 YGR, ECF No. 1 (N.D. Cal. July 6, 2012) (second removal of action regarding the 2419 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04122 YGR, ECF No. 1 (N.D. Cal. Aug. 6, 2012) (second removal of action regarding the 2421 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04335 MEJ, ECF No. 1 (N.D. Cal. Aug. 17, 2012) (third removal of action regarding the 2419 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04681 SBA, ECF No. 1 (N.D. Cal. Sept. 7, 2012) (fourth removal of action regarding the 2419 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-00398 EMC, ECF No. 1 (N.D. Cal. Jan. 29, 2013) (first removal of action regarding the 2417 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-00399 PJH, ECF No. 1 (N.D. Cal. Jan. 29, 2013) (first removal of action regarding the 2415 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-02944 YGR, ECF No. 1 (N.D. Cal. June 26, 2013) (second removal of action regarding the 2417 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-02945 WHA, ECF No. 1 (N.D. Cal. June 26, 2013) (second removal of action regarding the 2415 Market Street property).

[4] *See Gross Mortgage Corporation v. Al-Mansur*, No. C12-00650 RS, ECF No. 15 (N.D. Cal. Mar. 21, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-01102 YGR, ECF No. 27 (N.D. Cal. Apr. 24, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-03508 YGR, ECF No. 12 (N.D. Cal. Aug. 6, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04122 YGR, ECF No. 5 (N.D. Cal. Aug. 9, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04335 MEJ, ECF No. 7 (N.D. Cal. Aug. 27, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04681 SBA, ECF No. 32 (N.D. Cal. Oct. 24, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-00398 EMC, ECF No. 11 (N.D. Cal. Mar. 11, 2013); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-00399 PJH, ECF No. 19 (N.D. Cal. Mar. 15, 2013); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-02945 WHA, ECF No. 12 (N.D. Cal. Sept. 4, 2013); *but see Gross Mortgage Corporation v. Al-Mansur*, No. C13-02944 YGR, ECF No. 2 (N.D. Cal. June 26, 2013) *(in forma pauperis* application pending).

C 13-03503 LB
ORDER                                    2

among other things, to vacate the Alameda Superior Court's judgments in those actions.[5] The federal court dismissed with prejudice Mr. Al-Mansur's action for lack of subject matter jurisdiction, finding it barred by the *Rooker-Feldman* doctrine.[6]

Now, Mr. Al-Mansur has filed another complaint in federal court. Complaint, ECF No. 1. This time, he not only names as defendants the Mortgagee Defendants, he also names as defendants the Alameda County Superior Court and three of its judges: Judge Wynne Carvill, Judge Don Clay, and Judge Ioana Petrou (collectively, the "Judicial Defendants"). *Id.* at 1-6. In this action, Mr. Al-Mansur alleges that Defendants violated numerous federal laws and his federally-protected civil rights by continuing to proceed with the unlawful detainer actions with respect to the 2415 Market Street, 2417 Market Street, and 2419 Market Street properties even though he removed those actions to federal court. *Id.* at 1-19. He asks the court to vacate the state court judgments in those unlawful detainer actions and to award him damages. *Id.* at 8-9, 11, 12, 14, 15-16, 17, 19-20.

Defendants move to dismiss his complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). Motion, ECF No. 6; Joinder, ECF No. 8.[7] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the October 3, 2013 hearing. Upon review and consideration of the record in this case and the arguments of the parties, the court **GRANTS** Defendants' motion.

## STATEMENT

As mentioned above, Mr. Al-Mansur formerly owned the 2415 Market Street, 2417 Market Street, 2419 Market Street, and 2421 Market Street properties in Oakland, California. In 2011 and 2012, Gross Mortgage Corporation filed unlawful detainer actions against him with respect to those properties. At various times, Mr. Al-Mansur removed these actions to federal court. According to

---

[5] *See Al-Mansur v. Gross*, No. C12-05535 SBA, ECF No. 1 (Oct. 26, 2012).

[6] *See Al-Mansur v. Gross*, No. C12-05535 SBA, ECF No. 42 (June 20, 2013).

[7] All parties to this action have consented to the court's jurisdiction. Consent (Judicial Defendants), ECF No. 7; Consent (Mortgagee Defendants), ECF No. 10; Consent (Mr. Al-Mansur), ECF No. 11.

his complaint, on September 7, 2012, prior to the trial set to take place on September 10, 2012, Mr. Al-Mansur removed the 2419 Market Street Unlawful Detainer Action to federal court "in the hopes that Judges Don Clay and Wynn Carville's actions to deprive [him] of his due process and Constitutional rights could be preserved by the Civil Rights Removal statute[] . . . 28 U.S.C. §[] 1443(1) and 42 U.S.C. §§ 1983, 1985, [and] 1988(a)." Complaint, ECF No. 1 at 7. His "removal and petition were solely for [the] defensive purpose of preserving [the] status quo pending removal." *Id.* Judge Clay and Judge Carville, however, "ignored the removal statute and preceden[t] and proceeded to trial without [Mr. Al-Mansur's] presence." *Id.* At that time, the federal court had not yet remanded the action back to state court. *Id.*

Similarly, on June 26, 2013, prior to the trial set to take place on July 1, 2013, July 29, 2013, and July 30, 2013, Mr. Al-Mansur removed the 2415 Market Street Unlawful Detainer Action and the 2417 Market Street Unlawful Detainer Action to federal court "in the hopes that[,] again, Judges Don Clay and Wynn Carville's actions to deprive [him] of his due process and Constitutional rights could be preserved by the Civil Rights Removal statute[] . . . 28 U.S.C. §[] 1443(1) and 42 U.S.C. §§ 1983, 1985, [and] 1988(a)." *Id.* at 7-8. His "removal and petition were solely for [the] defensive purpose of preserving [the] status quo pending removal." *Id.* at 8. At the time Mr. Al-Mansur filed his complaint (July 30, 2013), the federal courts had not yet remanded the actions back to state court. *Id.* (The 2415 Market Street Unlawful Detainer has since been remanded.[8])

Mr. Al-Mansur filed his complaint in federal court on July 30, 2013. His six claims, which he brings against all Defendants pursuant to 42 U.S.C. §§ 1983, are summarized as follows: (1) Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by "failing to intervene" and stop their own violations of the federal "removal statutes"; (2) Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of his "constitutional right to due process under the Fourth, Fifth, Sixth, and Fourteenth Amendments"; (3) Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of his constitutional rights "by ignoring Federal Congressional mandates and statutes";

---

[8] *See Gross Mortgage Corporation v. Al-Mansur*, No. C13-02945 WHA, ECF No. 12 (N.D. Cal. Sept. 4, 2013)

(4) Defendants conspired in violation of 42 U.S.C. § 1985 to maliciously subject him to judicial proceedings for which there was no probable cause in violation of federal "removal statutes" and his constitutional due process rights; (5) Defendants conspired in violation of 42 U.S.C. § 1985 "to accomplish and unlawful purpose by an unlawful means"; (6) Defendants conspired in violation of 42 U.S.C. § 1985 to violate the federal removal statute, 28 U.S.C. § 1446, two federal criminal statutes, 18 U.S.C. §§ 241 (prohibiting conspiracies against rights) and 242 (prohibiting the deprivation of rights under color of law), and his constitutional rights. *Id.* at 10-19.

As relief for these alleged violations, Mr. Al-Mansur asks the court "for an order vacating void state court judgments and all orders entered" by Alameda County Superior Court judges in the 2415 Market Street Unlawful Detainer Action, the 2417 Market Street Unlawful Detainer Action, and the 2419 Market Street Unlawful Detainer Action, "on the ground that the then[-]presiding Superior Court Judges Wynne Carville, Don Clay, [and] Ioana Petrou lacked judicial jurisdiction, and as such violated[,] and [were] barred from further proceedings pursuant to[,] the general removal statute, 28 U.S.C. § 1446(d), that provides that the state court loses jurisdiction upon the filing of a petition for removal." *Id.* at 8; *see also id.* at 8-9 ("[Mr. Al-Mansur] files this Complaint to vacate the state court judgment, arguing that the state court trial court was barred from litigating after the removal was filed by [him], thus the judgment should be reversed. On the basis of this defense, [Mr. Al-Mansur] contends that this Court should reverse all void judgments against [him] and award [him] judgment as a matter of law."). In addition, Mr. Al-Mansur also asks the court to award him monetary damages "that [he] incurred due to the need to bring this action for injunctive relief," statutory damages under "the Unfair Debt Collection practices and the federal and California statutes," treble damages "as permitted by law," prejudgment interest, compensatory and general damages, exemplary and punitive damages, interest on any damages awarded, attorney's fees and costs, and "entry of a Final Judgment" against Defendants jointly and severally. *Id.* at 19-20.[9]

On August 20, 2013, the Judicial Defendants filed a motion to dismiss Mr. Al-Mansur's complaint. Motion, ECF No. 6. They argue that the court lacks subject matter jurisdiction over his

---

[9] Although Mr. Al-Mansur mentions statutes relating to the collection of debt, he brings no such claim and, as such, the court does not consider it. *See generally* Complaint, ECF No. 1.

C 13-03503 LB
ORDER                                              5

claims against them under the *Rooker-Feldman* doctrine, that his claims are barred by judicial immunity and the Eleventh Amendment, that *Younger* abstention applies, and that he fails to state a claim upon which relief may be granted. *Id.* at 5-8. On August 22, 2013, the Mortgagee Defendants joined the Judicial Defendants' motion. Joinder, ECF No. 8. The Mortgagee Defendants say that all of the Judicial Defendants' arguments, with the exception of the judicial immunity one, applies to them as well. *Id.* at 2. The Mortgagee Defendants also argue that Mr. Al-Mansur's claims against them are barred by California Civil Code § 47, that he fails to state a claim for malicious prosecution, and that conspiracy is not a cause of action but rather is a basis for vicarious liability. *Id.* at 2-3. Mr. Al-Mansur filed an opposition to Defendants' motion. Opposition, ECF No. 12. Only the Judicial Defendants filed a reply. Reply, ECF No. 13.

## ANALYSIS

## I. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject-matter jurisdiction over the claim. Federal subject-matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). By contrast, with a factual challenge, a court need not assume the truth of factual allegations but may hear additional evidence about jurisdiction and resolve factual disputes when necessary. *See Roberts*, 812 F.2d at 1177 (quotation omitted). If a defendant challenges jurisdiction by presenting evidence, then the party

opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003).

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parenthetical omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. See *id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). This is particularly true where a plaintiff represents himself *pro se*. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v.*

*Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**II. APPLICATION**

Because the court must first determine whether it has subject matter jurisdiction over this action, it first considers Defendants' *Rooker-Feldman* argument.

Under 28 U.S.C. § 1257, the United States Supreme Court, not the lower federal courts, is vested with appellate jurisdiction over state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Accordingly, "[r]eview of such judgments may be had only in [the Supreme] Court." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Under the *Rooker-Feldman* doctrine, a district court also lacks jurisdiction over a claim amounting to a "de facto appeal" of a state court judgment, which "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.2d 1148, 1163-64 (9th Cir. 2003); *see Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also Skinner v. Switzer*, 562 U.S. ----, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011) (emphasizing that the *Rooker-Feldman* doctrine is limited to cases "brought by state-court losers . . . inviting district court review and rejection of the state court's judgments") (internal quotation marks, alteration, and citation omitted); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (a "United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings"). Under *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005), there are four requirements for application of the *Rooker-Feldman* doctrine: first, the federal plaintiff must have lost in state court; second, the plaintiff must complain of injuries caused by the state court judgment; third, the plaintiff must be asking the district court to review and reject that judgment; and fourth, the state court judgment must have been rendered before the District Court proceedings commenced.

When the federal suit is, at least in part, barred by *Rooker-Feldman*, a federal court "must also refuse to decide any issue that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A federal claim is inextricably intertwined with a state court decision if its success depends upon a determination that the state court wrongly decided

the issue before it. *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008). Thus, the Ninth Circuit has found claims inextricably intertwined where "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see also Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012). By contrast, "if a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in the case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 293 (internal quotes omitted). Similarly, *Rooker-Feldman* does not bar federal jurisdiction over federal claims where a state court declined to address the same claims in state proceedings. *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004); *see also Robinson v. Ayoshi*, 753 F.2d 1468, 1470-71 (9th Cir. 1985) *vacated and remanded on other grounds* 477 U.S. 902 (1986).

As described above, Mr. Al-Mansur asks the court for, among other things, "an order vacating void state court judgments and all orders entered" by Alameda County Superior Court judges in the 2415 Market Street Unlawful Detainer Action, the 2417 Market Street Unlawful Detainer Action, and the 2419 Market Street Unlawful Detainer Action, "on the ground that the then[-]presiding Superior Court Judges Wynne Carville, Don Clay, [and] Ioana Petrou lacked judicial jurisdiction, and as such violated[,] and [were] barred from further proceedings pursuant to[,] the general removal statute, 28 U.S.C. § 1446(d), that provides that the state court loses jurisdiction upon the filing of a petition for removal." *Id.* at 8. This is a *de facto* appeal of the state courts' decisions: Mr. Al-Mansur "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel*, 341 F.2d at 1163-64. The *Exxon Mobil* requirements also are met: Mr. Al-Mansur lost in all three state court unlawful detainer actions; he complains of injuries caused by those courts' decisions; he asks the court to reject those decisions; and those decisions occurred before he filed this action in federal court. See *Exxon Mobil*, 544 U.S. at 292-93. The *Rooker-Feldman* doctrine, then, applies and bars Mr. Al-Mansur's claims to the extent that he asks the court to void the state courts' judgments based on legal error.

1    The next question is whether Mr. Al-Mansur's claims, to the extent he asks for damages and
2 other relief, are "'inextricably intertwined' with an issue resolved by the state court in its judicial
3 decision." *Noel*, 341 F.3d at 1158. The court finds that they are. All of Mr. Al-Mansur's claims are
4 based on the premise that the Judicial Defendants erred by continuing to exercise jurisdiction over
5 the three unlawful detainer actions even though he had removed those actions to federal court. For
6 this court to decide whether Mr. Al-Mansur's claims have merit, it would have to determine whether
7 the state courts wrongly decided the issues before it. This is squarely within the Ninth Circuit's
8 definition of claims that are inextricably intertwined with a *de facto* appeal from a state court
9 judgment. *See Reusser*, 525 F.3d at 859.

10   In his opposition, Mr. Al-Mansur argues, without specifics, that the *Rooker-Feldman* doctrine
11 does not apply here because of "extrinsic fraud upon the court and obstruction of justice."
12 Opposition, ECF No. 12 at 14 (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004)); *see*
13 *also id.*, ECF No. 12 at 6-9. In *Kougasian*, the Ninth Circuit held that the *Rooker-Feldman* doctrine
14 does not bar a federal plaintiff from asserting as a legal wrong that an adverse party engaged in
15 "conduct which prevent[ed] a [federal plaintiff] from presenting his claim in court." 359 F.3d at
16 1140 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)). This is because
17 the focus of such a claim is not on any legal error committed by the state court, but rather on "a
18 wrongful act by the adverse party." *Id.* at 1141; *see also Maldonado v. Harris*, 370 F.3d 945, 950
19 (9th Cir.2004) ("The legal wrong that [the plaintiff] asserts in this action is not an erroneous decision
20 by the state court. . . . [Instead, the plaintiff] asserts as a legal wrong 'an allegedly illegal act . . . by
21 an adverse party.'") (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). The problem with
22 Mr. Al-Mansur's argument is that there is no mention in his complaint of any Defendant committing
23 extrinsic fraud on the court, *see generally* Complaint, ECF No. 1; indeed, his assertion that the state
24 court judgments were the product of extrinsic fraud appears for the first time in his opposition, and
25 even then he fails to identify any specific instance of fraudulent conduct, *see* Opposition, ECF No.
26 12 at 14.

27   The court thus finds that the *Rooker-Feldman* doctrine bars all of Mr. Al-Mansur's claims
28 against all Defendants and his action must be dismissed because the court lacks subject matter

jurisdiction over it. *See Noel*, 341 F.2d at 1163-64. Because amendment would be futile, Mr. Al-Mansur's claims against the Judicial Defendants are **DISMISSED WITH PREJUDICE**. Nevertheless, on this record and out of an abundance of caution, given Mr. Al-Mansur's statement regarding extrinsic fraud in his opposition, his claims against the Mortgagee Defendants are **DISMISSED WITHOUT PREJUDICE**.[10]

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' motion. Mr. Al-Mansur's claims against the Judicial Defendants are **DISMISSED WITH PREJUDICE**. His claims against the Mortgagee Defendants are **DISMISSED WITHOUT PREJUDICE**. Mr. Al-Mansur may file a First Amended Complaint by October 10, 2013.

**IT IS SO ORDERED.**

Dated: September 20, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[10] Because the court lacks subject matter jurisdiction over the action, the court does not reach Defendants' other arguments (e.g., judicial immunity, Eleventh Amendment bar, *Younger* abstention, failure to state a claim), which assume that such jurisdiction exists.