1

2

3

4

5

6

7

8                         UNITED STATES  DISTRICT COURT

9                          Northern District of California

10                            San Francisco Division

11   SABIR AL-MANSUR,                        No. C 13-03503 LB

12                 Plaintiff,               **ORDER (1) REGARDING THE**
                                            **JUDICIAL DEFENDANTS'**
13          v.                              **PROPOSED JUDGMENT, (2)**
                                            **DENYING PLAINTIFF'S REQUEST**
     JUDGE WYNNE CARVILL, et al.,           **FOR RECONSIDERATION, AND (3)**
14                                          **GRANTING PLAINTIFF'S MOTION**
                 Defendants.                **FOR EXTENSION OF TIME**
15

16   _____/      [Re: ECF Nos. 15, 16, 17]

17                               **STATEMENT**

18       Plaintiff Sabir Al-Mansur, who is proceeding *pro se*, filed this action against Gross Mortgage

19   Corporation, Contractors Capital Corporation, Barry Gross, and Felix Seidler (collectively, the

20   "Mortgagee Defendants") as well as the Alameda County Superior Court and three of its judges:

21   Judge Wynne Carvill, Judge Don Clay, and Judge Ioana Petrou (collectively, the "Judicial

22   Defendants").  Complaint, ECF No. 1.[1]  On September 20, 2013, the court granted Defendants'

23   motion to dismiss Mr. Al-Mansur's complaint.  9/20/2013 Order.  The court found that the *Rooker-*

24   *Feldman* doctrine bars all of Mr. Al-Mansur's claims against all Defendants and his action must be

25   dismissed because the court lacks subject matter jurisdiction over it.  The court dismissed with

26   prejudice Mr. Al-Mansur's claims against the Judicial Defendants, but out of an abundance of

27   _____

28       [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

caution it dismissed without prejudice his claims against the Mortgagee Defendants because of Mr. Al-Mansur's statement in his opposition brief regarding a possible extrinsic fraud claim against them. The court gave Mr. Al-Mansur until October 10, 2013 to file any First Amended Complaint against the Mortgagee Defendants.

On September 27, 2013, the Judicial Defendants filed a "[Proposed] Judgment of Dismissal" that dismisses with prejudice the action as against them. Proposed Judgment, ECF No. 15. That same day, Mr. Al-Mansur filed a document titled "Plaintiff's Objections to Judgment and Form of Judgment and Motion and Brief for Additional Findings and Conclusions." Plaintiff's Objections to 9/20/2013 Order, ECF No. 16. This document contains Mr. Al-Mansur's objections to the court's September 20, 2013 order granting Defendants' motion to dismiss, not the Judicial Defendants' proposed judgment, so the court construes it as a request for reconsideration. Mr. Al-Mansur also filed a motion to extend the time for him to file a First Amended Complaint. Motion to Extend Time, ECF No. 17. He requests 30 additional days to do so and says that he need this additional time "[d]ue to the press of other business, personal and the other current litigations in both State and Federal forums" and "to allow discovery requests, witness responses, and preparation of evidence." *Id.* at 1, 2. Then, on October 1, 2013, Mr. Al-Mansur filed a documents titled "Plaintiff's Objections to Proposed Judgment Filed 09/27/2013." Plaintiff's Objections to Proposed Judgment, ECF No. 18. This document contains Mr. Al-Mansur's objections to the Judicial Defendants' proposed judgment.

Upon consideration of the papers submitted and applicable authority, the court defers entry of the Judicial Defendants' proposed judgment, **DENIES** Mr. Al-Mansur's request for reconsideration, and **GRANTS** Mr. Al-Mansur's request for additional time to file a First Amended Complaint.

## ANALYSIS

## I. THE COURT WILL NOT ENTER JUDGMENT IN FAVOR OF THE JUDICIAL DEFENDANTS AT THIS TIME

With certain enumerated exceptions, Federal Rule of Civil Procedure 58 provides that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). And Rule 54 provides that "when multiple parties are involved, the court may direct entry of a final

UNITED STATES DISTRICT COURT
For the Northern District of California

1  judgment as to one or more, but fewer than all . . . parties only if the court determines that there is no

2  just reason for delay."  Fed. R. Civ. P. 54(b).

3       Here, the Judicial Defendants want the court to enter a separate judgment that addresses only

4  them, even though the case is still live with respect to the Mortgagee Defendants.  While Mr. Al-

5  Mansur's objections to the form of the proposed judgment are meritless,[2] the court's September 20,

6  2013 order did not finally adjudicate all claims against all Defendants, *see Frank Briscoe Co. v.*

7  *Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985); *Maurer v. L.A. County Sheriff's Dep't*,

8  691 F.2d 434, 436 n.1 (9th Cir. 1982) ("A dismissal as to some but not all defendants is not a final

9  order as required by 28 U.S.C. § 1291, and is not appealable absent a certification under Fed. R. Civ.

10  P. 54(b)."), and the court will not at this point certify it for appeal given the policy against piecemeal

11  review, *see Stone v. Heckler*, 722 F.2d 464, 467 (9th Cir. 1983).  Once the action concludes, the

12  court will enter a single judgment.

13  **II.  MR. AL-MANSUR'S REQUEST FOR RECONSIDERATION IS DENIED**

14       Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a

15  motion for reconsideration.  N.D. Cal. Civ. L.R. 7-9(a).[3]  In seeking permission from the court, the

16  moving party must specifically show:

17       (1) That at the time of the motion for leave, a material difference in fact or law exists
     from that which was presented to the Court before entry of the interlocutory order for

18       which reconsideration is sought. The party also must show that in the exercise of
     reasonable diligence the party applying for reconsideration did not know such fact or

19       law at the time of the interlocutory order; or

20       (2) The emergence of new material facts or a change of law occurring after the time
     of such order; or

21

22

23       [2] Mr. Al-Mansur says that the Judicial Defendants' proposed judgment "does not set forth the
     legal names of the Judicial Defendants."  Plaintiff's Objections to Proposed Judgment, ECF No. 18

24  at 2.  He also says that the proposed judgment refers generically to "Defendants" and "makes no
     distinction as to the Judicial or Mortgagee Defendants."  *Id.*  These assertions are not accurate.  See

25  generally Proposed Judgment, ECF No. 15.

26       [3] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the
     claims and the rights and liabilities of all the parties in a case, any party may make a motion before a

27  Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any
     interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b).  No party may

28  notice a motion for reconsideration without first obtaining leave of Court to file the motion."

UNITED STATES DISTRICT COURT
For the Northern District of California

1        (3)  A manifest failure by the Court to consider material facts or dispositive legal
2        arguments which were presented to the Court before such interlocutory order.

3    N.D. Cal. Civ. L.R.  7-9(b).  Even if the court grants a party leave to file a motion for

4    reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1)

5    the court is presented with newly discovered evidence, (2) the underlying decision was in clear error

6    or manifestly unjust, or (3) there is an intervening change in controlling law.  *See School Dis. No.*

7    *1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "No motion for

8    leave to file a motion for reconsideration may repeat any oral or written argument made by the

9    applying party in support of or in opposition to the interlocutory order which the party now seeks to

10   have reconsidered."  N.D. Cal. Civ. L.R. 7-9(c).  "Unless otherwise ordered by the assigned Judge,

11   no response need be filed and no hearing will be held concerning a motion for leave to file a motion

12   to reconsider."  N.D. Cal. Civ. L.R. 7-9(d).

13       Mr. Al-Mansur objects to the court's September 20, 2013 order granting Defendants' motion to

14   dismiss.  He primarily cites provisions of Rules 52, 54, and 58, *see* Plaintiff's Objections to

15   9/20/2013 Order at 2, but those rules relate to finding of fact and conclusions of law issued after

16   bench trials or to separate judgments, not orders granting a motion to dismiss, *see* Fed. R. Civ. P. 52,

17   54, 58.  They have no applicability here.  He argues that the court's order "recites a number of

18   aberrations that are not substantiated in fact," but he describes no such aberrations.  *See* Plaintiff's

19   Objections to 9/20/2013 Order at 3.  He also argues that the court's order "fails to state any legal

20   reasoning or factual determination that addresses the uncontroverted facts and evidence that the

21   Judicial Defendants and the Mortgagee Defendants violated the removal statutes."  This is more-or-

22   less true, but proper: the court did not address the merits of Mr. Al-Mansur's claims is because it

23   found that the *Rooker-Feldman* doctrine applies and thus lacks subject matter jurisdiction over them.

24   Mr. Al-Mansur also argues, as he did in his opposition brief, that the *Rooker-Feldman* doctrine does

25   not bar his claims, but the court already considered this argument, and he points to no other basis for

26   reconsideration.  He does not argue that at the time of the motion for leave, a material difference in

27   fact or law exists from that which was presented to the court before entry of its September 20, 2013

28   order.  He does not argue that new material facts or a change of law occurring has emerged since the

court issued its order.  And his suggestion that the court manifestly failed to consider material facts or dispositive legal arguments which were presented to it does not persuade.  His request that the court reconsider its decision is **DENIED**.

### III.  THE COURT WILL GIVE MR. AL-MANSUR UNTIL OCTOBER 25, 2013 TO FILE A FIRST AMENDED COMPLAINT

Mr. Al-Mansur also asks for more time to file his First Amended Complaint.  The court **GRANTS** his request and will give him more time, but not the 30 additional days he asks for.  Some of his reasons for seeking the additional time—"to allow discovery requests, witness responses, and preparation of evidence"—are not applicable because discovery is not open in this case and the court has not ordered that early discovery be taken.  He also says that he has other pressing personal business that needs attending to, so the court will give him an additional two weeks past its original deadline to file a First Amended Complaint.  With this extension, he will have five weeks from the date of the court's September 20, 2013 order to file one.  This should be sufficient.

### CONCLUSION

Based on the court foregoing, the court (1) defers entry of the Judicial Defendants' proposed judgment, (2) **DENIES** Mr. Al-Mansur's request that it reconsider its September 20, 2013 order, and (3) **GRANTS** his request for additional time to file a First Amended Complaint.  Mr. Al-Mansur may file a First Amended Complaint by October 25, 2013.

**IT IS SO ORDERED.**

Dated: October 3, 2013

_____
LAUREL BEELER
United States Magistrate Judge