UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SABIR AL-MANSUR, | No. C 13-03503 LB |
| Plaintiff, | **ORDER (1) REGARDING THE JUDICIAL DEFENDANTS' PROPOSED JUDGMENT, (2) DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION, AND (3) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME** |
| v. | |
| JUDGE WYNNE CARVILL, et al., | |
| Defendants. | |
| _____/ | [Re: ECF Nos. 15, 16, 17] |

**STATEMENT**

Plaintiff Sabir Al-Mansur, who is proceeding *pro se*, filed this action against Gross Mortgage Corporation, Contractors Capital Corporation, Barry Gross, and Felix Seidler (collectively, the "Mortgagee Defendants") as well as the Alameda County Superior Court and three of its judges: Judge Wynne Carvill, Judge Don Clay, and Judge Ioana Petrou (collectively, the "Judicial Defendants"). Complaint, ECF No. 1.[1] On September 20, 2013, the court granted Defendants' motion to dismiss Mr. Al-Mansur's complaint. 9/20/2013 Order. The court found that the *Rooker-Feldman* doctrine bars all of Mr. Al-Mansur's claims against all Defendants and his action must be dismissed because the court lacks subject matter jurisdiction over it. The court dismissed with prejudice Mr. Al-Mansur's claims against the Judicial Defendants, but out of an abundance of

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1   caution it dismissed without prejudice his claims against the Mortgagee Defendants because of Mr.
2   Al-Mansur's statement in his opposition brief regarding a possible extrinsic fraud claim against
3   them. The court gave Mr. Al-Mansur until October 10, 2013 to file any First Amended Complaint
4   against the Mortgagee Defendants.

5   On September 27, 2013, the Judicial Defendants filed a "[Proposed] Judgment of Dismissal" that
6   dismisses with prejudice the action as against them. Proposed Judgment, ECF No. 15. That same
7   day, Mr. Al-Mansur filed a document titled "Plaintiff's Objections to Judgment and Form of
8   Judgment and Motion and Brief for Additional Findings and Conclusions." Plaintiff's Objections to
9   9/20/2013 Order, ECF No. 16. This document contains Mr. Al-Mansur's objections to the court's
10  September 20, 2013 order granting Defendants' motion to dismiss, not the Judicial Defendants'
11  proposed judgment, so the court construes it as a request for reconsideration. Mr. Al-Mansur also
12  filed a motion to extend the time for him to file a First Amended Complaint. Motion to Extend
13  Time, ECF No. 17. He requests 30 additional days to do so and says that he need this additional
14  time "[d]ue to the press of other business, personal and the other current litigations in both State and
15  Federal forums" and "to allow discovery requests, witness responses, and preparation of evidence."
16  *Id.* at 1, 2. Then, on October 1, 2013, Mr. Al-Mansur filed a documents titled "Plaintiff's Objections
17  to Proposed Judgment Filed 09/27/2013." Plaintiff's Objections to Proposed Judgment, ECF No.
18  18. This document contains Mr. Al-Mansur's objections to the Judicial Defendants' proposed
19  judgment.

20  Upon consideration of the papers submitted and applicable authority, the court defers entry of
21  the Judicial Defendants' proposed judgment, **DENIES** Mr. Al-Mansur's request for reconsideration,
22  and **GRANTS** Mr. Al-Mansur's request for additional time to file a First Amended Complaint.

23  **ANALYSIS**

24  **I. THE COURT WILL NOT ENTER JUDGMENT IN FAVOR OF THE JUDICIAL**
25  **DEFENDANTS AT THIS TIME**

26  With certain enumerated exceptions, Federal Rule of Civil Procedure 58 provides that "[e]very
27  judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a).
28  And Rule 54 provides that "when multiple parties are involved, the court may direct entry of a final

judgment as to one or more, but fewer than all . . . parties only if the court determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Here, the Judicial Defendants want the court to enter a separate judgment that addresses only them, even though the case is still live with respect to the Mortgagee Defendants. While Mr. Al-Mansur's objections to the form of the proposed judgment are meritless,[2] the court's September 20, 2013 order did not finally adjudicate all claims against all Defendants, *see Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985); *Maurer v. L.A. County Sheriff's Dep't*, 691 F.2d 434, 436 n.1 (9th Cir. 1982) ("A dismissal as to some but not all defendants is not a final order as required by 28 U.S.C. § 1291, and is not appealable absent a certification under Fed. R. Civ. P. 54(b)."), and the court will not at this point certify it for appeal given the policy against piecemeal review, *see Stone v. Heckler*, 722 F.2d 464, 467 (9th Cir. 1983). Once the action concludes, the court will enter a single judgment.

## II. MR. AL-MANSUR'S REQUEST FOR RECONSIDERATION IS DENIED

Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[3] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

---

[2] Mr. Al-Mansur says that the Judicial Defendants' proposed judgment "does not set forth the legal names of the Judicial Defendants." Plaintiff's Objections to Proposed Judgment, ECF No. 18 at 2. He also says that the proposed judgment refers generically to "Defendants" and "makes no distinction as to the Judicial or Mortgagee Defendants." *Id.* These assertions are not accurate. See generally Proposed Judgment, ECF No. 15.

[3] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b). Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

Mr. Al-Mansur objects to the court's September 20, 2013 order granting Defendants' motion to dismiss. He primarily cites provisions of Rules 52, 54, and 58, *see* Plaintiff's Objections to 9/20/2013 Order at 2, but those rules relate to finding of fact and conclusions of law issued after bench trials or to separate judgments, not orders granting a motion to dismiss, *see* Fed. R. Civ. P. 52, 54, 58. They have no applicability here. He argues that the court's order "recites a number of aberrations that are not substantiated in fact," but he describes no such aberrations. *See* Plaintiff's Objections to 9/20/2013 Order at 3. He also argues that the court's order "fails to state any legal reasoning or factual determination that addresses the uncontroverted facts and evidence that the Judicial Defendants and the Mortgagee Defendants violated the removal statutes." This is more-or-less true, but proper: the court did not address the merits of Mr. Al-Mansur's claims is because it found that the *Rooker-Feldman* doctrine applies and thus lacks subject matter jurisdiction over them. Mr. Al-Mansur also argues, as he did in his opposition brief, that the *Rooker-Feldman* doctrine does not bar his claims, but the court already considered this argument, and he points to no other basis for reconsideration. He does not argue that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of its September 20, 2013 order. He does not argue that new material facts or a change of law occurring has emerged since the

court issued its order. And his suggestion that the court manifestly failed to consider material facts or dispositive legal arguments which were presented to it does not persuade. His request that the court reconsider its decision is **DENIED**.

### III. THE COURT WILL GIVE MR. AL-MANSUR UNTIL OCTOBER 25, 2013 TO FILE A FIRST AMENDED COMPLAINT

Mr. Al-Mansur also asks for more time to file his First Amended Complaint. The court **GRANTS** his request and will give him more time, but not the 30 additional days he asks for. Some of his reasons for seeking the additional time—"to allow discovery requests, witness responses, and preparation of evidence"—are not applicable because discovery is not open in this case and the court has not ordered that early discovery be taken. He also says that he has other pressing personal business that needs attending to, so the court will give him an additional two weeks past its original deadline to file a First Amended Complaint. With this extension, he will have five weeks from the date of the court's September 20, 2013 order to file one. This should be sufficient.

### CONCLUSION

Based on the court foregoing, the court (1) defers entry of the Judicial Defendants' proposed judgment, (2) **DENIES** Mr. Al-Mansur's request that it reconsider its September 20, 2013 order, and (3) **GRANTS** his request for additional time to file a First Amended Complaint. Mr. Al-Mansur may file a First Amended Complaint by October 25, 2013.

**IT IS SO ORDERED.**

Dated: October 3, 2013

_____
LAUREL BEELER
United States Magistrate Judge