1

2

3

4

5

6

7

8

9

10

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

11

12

13

14

15

16

17

18

19

SABIR AL-MANSUR,

         Plaintiff,

   v.

JUDGE WYNNE CARVILL, et al.,

         Defendants.

_____/

No. C 13-03503 LB

**ORDER (1) GRANTING THE
JUDICIAL DEFENDANTS' MOTION
TO STRIKE, (2) GRANTING THE
MORTGAGEE DEFENDANTS'
MOTION TO DISMISS, (3) DENYING
DEFENDANTS' MOTIONS TO
DECLARE PLAINTIFF A
VEXATIOUS LITIGANT, (4)
DENYING PLAINTIFF'S MOTIONS
TO STRIKE, AND (5) DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

[Re: ECF Nos. 25, 29, 35, 38, 39]

20

## INTRODUCTION

21

22

23

24

25

26

27

    Plaintiff Sabir Al-Mansur, who is proceeding *pro se*, filed this action against Gross Mortgage

Corporation, Contractors Capital Corporation, Barry Gross, and Felix Seidler (collectively, the

"Mortgagee Defendants") as well as the Alameda County Superior Court and three of its judges:

Judge Wynne Carvill, Judge Don Clay, and Judge Ioana Petrou (collectively, the "Judicial

Defendants").  Complaint, ECF No. 1.[1]  On September 20, 2013, the court granted Defendants'

motion to dismiss Mr. Al-Mansur's complaint.  9/20/2013 Order.  The court found that the *Rooker-*

28

      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   *Feldman* doctrine bars all of Mr. Al-Mansur's claims against all Defendants.  The court dismissed

2   with prejudice Mr. Al-Mansur's claims against the Judicial Defendants, but out of an abundance of

3   caution it dismissed without prejudice his claims against the Mortgagee Defendants because of Mr.

4   Al-Mansur's statement in his opposition brief regarding a possible extrinsic fraud claim against

5   them.  Such a claim would not be barred by the *Rooker-Feldman* doctrine.  The court gave Mr. Al-

6   Mansur leave to file a First Amended Complaint against the Mortgagee Defendants.

7       He filed a First Amended Complaint on October 25, 2013, and he "corrected" it on October 29,

8   2013.  *See* FAC, ECF No. 20; Corrected FAC, ECF No. 21.  He once again named both the Judicial

9   Defendants and the Mortgagee Defendants as defendants.  In response, the Judicial Defendants

10   move to strike his claims against them.  Judicial Defendants' Motion to Strike, ECF No. 25 at 3-4.

11   In that same motion, the Judicial Defendants also ask the court to declare Mr. Al-Mansur a

12   "vexatious litigant."  *Id.* at 4.  The Mortgagee Defendants, for their part, move to dismiss Mr. Al-

13   Mansur's claims against them.  Mortgagee Defendants' Motion to Dismiss, ECF No. 29.  They, too,

14   ask the court to declare Mr. Al-Mansur a vexatious litigant.  *Id.* at 6-7.  Mr. Al-Mansur opposes

15   Defendants' motions, and he also moves to strike both the Mortgagee Defendants' motion to dismiss

16   and their opposition to his motion to strike.  Plaintiff's Opposition and Motion to Strike, ECF No.

17   35; Plaintiff's Motion to Strike, ECF No. 38.  Finally, Mr. Al-Mansur moves for summary judgment.

18   Plaintiff's Summary Judgment Motion, ECF No. 39.

19       Pursuant to Civil Local Rule 7-1(b), the court finds these matters to be suitable for determination

20   without oral argument and vacates the January 16, 2014 hearing.  Upon review of the record in this

21   action, the arguments made by the parties in their papers, and applicable authority, the court

22   **GRANTS** the Judicial Defendants' motion to strike, **GRANTS** the Mortgagee Defendants motion to

23   dismiss and dismisses Mr. Al-Mansur's action with prejudice, **DENIES** Defendants' motions to

24   declare Mr. Al-Mansur a vexatious litigant, **DENIES** Mr. Al-Mansur's motions to strike, and

25   **DENIES** Mr. Al-Mansur's motion for summary judgment.[2]

26

27   _____

28       [2] All parties to this action have consented to the court's jurisdiction.  Consent (Judicial
    Defendants), ECF No. 7; Consent (Mortgagee Defendants), ECF No. 10; Consent (Mr. Al-Mansur),
    ECF No. 11.

1

**STATEMENT**

2      This action is yet another installment in the ongoing legal saga involving Plaintiff Sabir Al-

3   Mansur and Defendants.  *See* Complaint, ECF No. 1.  Mr. Al-Mansur formerly owned four

4   properties in Oakland, California: 2415 Market Street; 2417 Market Street; 2419 Market Street; and

5   2421 Market Street.  In 2011 and 2012, Defendant Gross Mortgage Corporation filed in Alameda

6   County Superior Court four unlawful detainer complaints against Mr. Al-Mansur with respect to

7   these four properties.[3]  Mr. Al-Mansur removed three of these actions to federal court two times, and

8   he removed the other one to federal court four times.[4]  The federal courts uniformly have remanded

9

10

11   _____

12      [3] *See Gross Mortgage Corporation v. Al-Mansur*, No. RG11602224 (Alameda County

13   Superior Court Oct. 28, 2011) (regarding the 2421 Market Street property) (the "2421 Market Street
     Unlawful Detainer Action"); *Gross Mortgage Corporation v. Al-Mansur*, No. RG11610380

14   (Alameda County Superior Court Dec. 30, 2011) (regarding the 2419 Market Street property) (the
     "2419 Market Street Unlawful Detainer Action"); *Gross Mortgage Corporation v. Al-Mansur*, No.

15   RG12654029 (Alameda County Superior Court Oct. 29, 2012) (regarding the 2415 Market Street
     property) (the "2415 Market Street Unlawful Detainer Action"); *Gross Mortgage Corporation v. Al-*

16   *Mansur*, No. RG12654035 (Alameda County Superior Court Oct. 29, 2012) (regarding the 2417
     Market Street property) (the "2417 Market Street Unlawful Detainer Action").

17

18      [4] *See Gross Mortgage Corporation v. Al-Mansur*, No. C12-00650 RS, ECF No. 1 (N.D. Cal.

19   Feb. 9, 2012) (first removal of action regarding the 2419 Market Street property); *Gross Mortgage
     Corporation v. Al-Mansur*, No. C12-01102 YGR, ECF No. 1 (N.D. Cal. Mar. 6, 2012) (first removal

20   of action regarding the 2421 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*,
     No. C12-03508 YGR, ECF No. 1 (N.D. Cal. July 6, 2012) (second removal of action regarding the

21   2419 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04122 YGR,
     ECF No. 1 (N.D. Cal. Aug. 6, 2012) (second removal of action regarding the 2421 Market Street

22   property); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04335 MEJ, ECF No. 1 (N.D. Cal.
     Aug. 17, 2012) (third removal of action regarding the 2419 Market Street property); *Gross*

23   *Mortgage Corporation v. Al-Mansur*, No. C12-04681 SBA, ECF No. 1 (N.D. Cal. Sept. 7, 2012)
     (fourth removal of action regarding the 2419 Market Street property); *Gross Mortgage Corporation*

24   *v. Al-Mansur*, No. C13-00398 EMC, ECF No. 1 (N.D. Cal. Jan. 29, 2013) (first removal of action
     regarding the 2417 Market Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-

25   00399 PJH, ECF No. 1 (N.D. Cal. Jan. 29, 2013) (first removal of action regarding the 2415 Market
     Street property); *Gross Mortgage Corporation v. Al-Mansur*, No. C13-02944 YGR, ECF No. 1

26   (N.D. Cal. June 26, 2013) (second removal of action regarding the 2417 Market Street property);
     *Gross Mortgage Corporation v. Al-Mansur*, No. C13-02945 WHA, ECF No. 1 (N.D. Cal. June 26,

27   2013) (second removal of action regarding the 2415 Market Street property).

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1    these actions back to state court.[5]  Mr. Al-Mansur also filed in federal court a complaint against

2    Defendants Gross Mortgage Corporation, Contractors Capital Corporation, Barry Gross, and Felix

3    Seidler (collectively, the "Mortgagee Defendants"), in which he alleged Defendants "misapplied

4    state law" with respect to Gross Mortgage's unlawful detainer actions and asked the federal court,

5    among other things, to vacate the Alameda Superior Court's judgments in those actions.[6]  The

6    federal court dismissed with prejudice Mr. Al-Mansur's action for lack of subject matter jurisdiction,

7    finding it barred by the *Rooker-Feldman* doctrine.[7]

8        On July 30, 2013, Mr. Al-Mansur filed the instant action in federal court.  Complaint, ECF No.

9    1.  This time, he not only names the Mortgagee Defendants as defendants, but also names the

10   Alameda County Superior Court and three of its judges: Judge Carvill, Judge Clay, and Judge

11   Petrou.  *Id.* at 1-6.  In his original complaint, Mr. Al-Mansur alleged that Defendants violated

12   numerous federal laws and his federally-protected civil rights by continuing to proceed with the

13   unlawful detainer actions with respect to the 2415 Market Street, 2417 Market Street, and 2419

14   Market Street properties even though he removed those actions to federal court.  *Id.* at 1-19.  He

15   asked the court to vacate the state court judgments in those unlawful detainer actions and to award

16   him damages.  *Id.* at 8-9, 11, 12, 14, 15-16, 17, 19-20.

17       In support of the six claims in his original complaint, Mr. Al-Mansur alleged that he formerly

18   owned the 2415 Market Street, 2417 Market Street, 2419 Market Street, and 2421 Market Street

19   _____

20       [5] *See Gross Mortgage Corporation v. Al-Mansur*, No. C12-00650 RS, ECF No. 15 (N.D. Cal.
     Mar. 21, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-01102 YGR, ECF No. 27
21   (N.D. Cal. Apr. 24, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-03508 YGR, ECF
     No. 12 (N.D. Cal. Aug. 6, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04122 YGR,
22   ECF No. 5 (N.D. Cal. Aug. 9, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-04335
     MEJ, ECF No. 7 (N.D. Cal. Aug. 27, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No. C12-
23   04681 SBA, ECF No. 32 (N.D. Cal. Oct. 24, 2012); *Gross Mortgage Corporation v. Al-Mansur*, No.
     C13-00398 EMC, ECF No. 11 (N.D. Cal. Mar. 11, 2013); *Gross Mortgage Corporation v. Al-
24   Mansur*, No. C13-00399 PJH, ECF No. 19 (N.D. Cal. Mar. 15, 2013); *Gross Mortgage Corporation
     v. Al-Mansur*, No. C13-02945 WHA, ECF No. 12 (N.D. Cal. Sept. 4, 2013); *Gross Mortgage
25   Corporation v. Al-Mansur*, No. C13-02944 YGR, ECF No. 14 (N.D. Cal. Nov. 22, 2013).

26

27       [6] *See Al-Mansur v. Gross*, No. C12-05535 SBA, ECF No. 1 (Oct. 26, 2012).

28       [7] *See Al-Mansur v. Gross*, No. C12-05535 SBA, ECF No. 42 (June 20, 2013).

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1 properties in Oakland, California.  In 2011 and 2012, Gross Mortgage Corporation filed unlawful

2 detainer actions against him with respect to those properties.  At various times, Mr. Al-Mansur

3 removed these actions to federal court.  According to his complaint, on September 7, 2012, prior to

4 the trial set to take place on September 10, 2012, Mr. Al-Mansur removed the 2419 Market Street

5 Unlawful Detainer Action to federal court "in the hopes that Judges Don Clay and Wynn Carville's

6 actions to deprive [him] of his due process and Constitutional rights could be preserved by the Civil

7 Rights Removal statute[] . . . 28 U.S.C. §[] 1443(1) and 42 U.S.C. §§ 1983, 1985, [and] 1988(a)."

8 Complaint, ECF No. 1 at 7.  His "removal and petition were solely for [the] defensive purpose of

9 preserving [the] status quo pending removal."  *Id.*  Judge Clay and Judge Carville, however,

10 "ignored the removal statute and preceden[t] and proceeded to trial without [Mr. Al-Mansur's]

11 presence."  *Id.*  At that time, the federal court had not yet remanded the action back to state court.

12 *Id.*

13     Similarly, on June 26, 2013, prior to the trial set to take place on July 1, 2013, July 29, 2013, and

14 July 30, 2013, Mr. Al-Mansur removed the 2415 Market Street Unlawful Detainer Action and the

15 2417 Market Street Unlawful Detainer Action to federal court "in the hopes that[,] again, Judges

16 Don Clay and Wynn Carville's actions to deprive [him] of his due process and Constitutional rights

17 could be preserved by the Civil Rights Removal statute[] . . . 28 U.S.C. §[] 1443(1) and 42 U.S.C. §§

18 1983, 1985, [and] 1988(a)."  *Id.* at 7-8.  His "removal and petition were solely for [the] defensive

19 purpose of preserving [the] status quo pending removal."  *Id.* at 8.  At the time Mr. Al-Mansur filed

20 his complaint (July 30, 2013), the federal courts had not yet remanded the actions back to state

21 court.  *Id.*  (The 2415 Market Street Unlawful Detainer has since been remanded.[8] )

22     His six claims, which he brought against all Defendants pursuant to 42 U.S.C. §§ 1983, are

23 summarized as follows: (1) Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of

24 his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by

25 "failing to intervene" and stop their own violations of the federal "removal statutes"; (2) Defendants

26 conspired in violation of 42 U.S.C. § 1985 to deprive him of his "constitutional right to due process

27 _____

28     [8] *See Gross Mortgage Corporation v. Al-Mansur*, No. C13-02945 WHA, ECF No. 12 (N.D.
Cal. Sept. 4, 2013)

UNITED STATES DISTRICT COURT
For the Northern District of California

under the Fourth, Fifth, Sixth, and Fourteenth Amendments"; (3) Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of his constitutional rights "by ignoring Federal Congressional mandates and statutes"; (4) Defendants conspired in violation of 42 U.S.C. § 1985 to maliciously subject him to judicial proceedings for which there was no probable cause in violation of federal "removal statutes" and his constitutional due process rights; (5) Defendants conspired in violation of 42 U.S.C. § 1985 "to accomplish and unlawful purpose by an unlawful means"; (6) Defendants conspired in violation of 42 U.S.C. § 1985 to violate the federal removal statute, 28 U.S.C. § 1446, two federal criminal statutes, 18 U.S.C. §§ 241 (prohibiting conspiracies against rights) and 242 (prohibiting the deprivation of rights under color of law), and his constitutional rights. *Id.* at 10-19.

As relief for these alleged violations, Mr. Al-Mansur asked the court "for an order vacating void state court judgments and all orders entered" by Alameda County Superior Court judges in the 2415 Market Street Unlawful Detainer Action, the 2417 Market Street Unlawful Detainer Action, and the 2419 Market Street Unlawful Detainer Action, "on the ground that the then[-]presiding Superior Court Judges Wynne Carville, Don Clay, [and] Ioana Petrou lacked judicial jurisdiction, and as such violated[,] and [were] barred from further proceedings pursuant to[,] the general removal statute, 28 U.S.C. § 1446(d), that provides that the state court loses jurisdiction upon the filing of a petition for removal." *Id.* at 8; *see also id.* at 8-9 ("[Mr. Al-Mansur] files this Complaint to vacate the state court judgment, arguing that the state court trial court was barred from litigating after the removal was filed by [him], thus the judgment should be reversed. On the basis of this defense, [Mr. Al-Mansur] contends that this Court should reverse all void judgments against [him] and award [him] judgment as a matter of law."). In addition, Mr. Al-Mansur also asked the court to award him monetary damages "that [he] incurred due to the need to bring this action for injunctive relief," statutory damages under "the Unfair Debt Collection practices and the federal and California statutes," treble damages "as permitted by law," prejudgment interest, compensatory and general damages, exemplary and punitive damages, interest on any damages awarded, attorney's fees and costs, and "entry of a Final Judgment" against Defendants jointly and severally. *Id.* at 19-20.[9]

---

[9] Although Mr. Al-Mansur mentioned statutes relating to the collection of debt, he brought no such claim and, as such, the court did not consider it. *See generally* Complaint, ECF No. 1; *see*

UNITED STATES DISTRICT COURT
For the Northern District of California

1    On August 20, 2013, the Judicial Defendants filed a motion to dismiss Mr. Al-Mansur's

2    complaint.  Judicial Defendants' Motion to Dismiss Complaint, ECF No. 6.  They argued that the

3    court lacks subject matter jurisdiction over his claims against them under the *Rooker-Feldman*

4    doctrine, that his claims are barred by judicial immunity and the Eleventh Amendment, that *Younger*

5    abstention applies, and that he fails to state a claim upon which relief may be granted.  *Id.* at 5-8.  On

6    August 22, 2013, the Mortgagee Defendants joined the Judicial Defendants' motion.  Joinder, ECF

7    No. 8.  The Mortgagee Defendants said that all of the Judicial Defendants' arguments, with the

8    exception of the judicial immunity one, applies to them as well.  *Id.* at 2.  The Mortgagee Defendants

9    also argued that Mr. Al-Mansur's claims against them are barred by California Civil Code § 47, that

10   he fails to state a claim for malicious prosecution, and that conspiracy is not a cause of action but

11   rather is a basis for vicarious liability.  *Id.* at 2-3.

12   On September 20, 2013, the court granted Defendants' motion to dismiss.  9/20/2013 Order,

13   ECF No. 14.  The court found that the *Rooker-Feldman* doctrine bars all of Mr. Al-Mansur's claims

14   against all Defendants and his action must be dismissed because the court lacks subject matter

15   jurisdiction over it.  *Id.* at 8-11.[10]  The court dismissed with prejudice Mr. Al-Mansur's claims

16   against the Judicial Defendants, but out of an abundance of caution it dismissed without prejudice

17   his claims against the Mortgagee Defendants because of Mr. Al-Mansur's statement in his

18   opposition brief regarding a possible extrinsic fraud claim against them.  *Id.* at 10-11.  The court

19   gave Mr. Al-Mansur leave to file a First Amended Complaint against the Mortgagee Defendants.  *Id.*

20   at 11.

21   He filed a First Amended Complaint on October 25, 2013, and he "corrected" it on October 29,

22   2013.  *See* FAC, ECF No. 20; Corrected FAC, ECF No. 21.  He once again names both the Judicial

23   Defendants and the Mortgagee Defendants as defendants.  He once again alleges that he basic story

24   from his original complaint—that Defendants ignored his notices of removal and went ahead with

25

26   *also* 9/20/2013 Order, ECF No. 14 at 5 n.9.

27          [10] Because the court found that it lacks subject-matter jurisdiction over Mr. Al-Mansur's

28   claims, the court did not consider Defendants non-*Rooker-Feldma*n arguments.  9/20/2013 Order,
     ECF No. 14 at 11 n.10.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   the state court proceedings.  *Compare* Complaint, ECF No. 1 ¶¶ 17-28 *with* Corrected FAC, ECF

2   No. 21 ¶¶ 17-28.  But his new complaint also contains several pages of allegations ostensibly

3   relating to extrinsic fraud perpetrated by Defendants.  *See* Corrected FAC, ECF No. 21 ¶¶ 29-48; *see*

4   *id.* at 11-33.  On pages 11 through 24, which include Paragraphs 29 through 40, Mr. Al-Mansur, in

5   sum, states that bribing a judge constitutes fraud on the court and alleges that Judges Carvill, Clay,

6   and Petrou should have recused themselves from his cases because they receive "judicial benefits"

7   from Alameda County.  *See id.* ¶¶ 29-48; *see also id.* at 11-33.  Mr. Al-Mansur alleges that these

8   "judicial benefits" are bribes.  *See id.* ¶¶ 29-48; *see also id.* at 11-33.  Paragraphs 41 through 45

9   relate to the Mortgagee Defendants.  *See id.* ¶¶ 41-45.  In these paragraphs, Mr. Al-Mansur alleges

10  that the Mortgagee Defendants committed extrinsic fraud by filing the underlying unlawful detainer

11  actions mentioned above, even though they admitted (he says) in discovery responses that did not

12  have the grant deeds, deeds of trust, or trustee's deeds upon sale for 2415 Market Street, 2417

13  Market Street, and 2421 Market Street properties.  *See id.* ¶¶ 41-42.  He also alleges that the

14  Mortgagee Defendants and their attorneys have a "collusive relationship" with Judge Carvill and

15  that their attorneys were "admonished for forging Judge Carvill's signature on a number of orders

16  and documents" in an action not involving Mr. Al-Mansur.  *See id.* ¶¶ 43-45.  Finally, on Pages 26

17  through 33, which include Paragraphs 46 through 48, Mr. Al-Mansur alleges that Federal Rule of

18  Civil Procedure 60(b) and (d) allow him to set aside the state court's judgments because of

19  Defendants' fraud.  *See id.* ¶¶ 46-48; *see also id.* at 26-33.

20      His Corrected First Amended Complaint contains five separately alleged claims, three of which

21  are the same as those in his original complaint and two of which are new.[11]  Corrected FAC, ECF

22  No. 21 ¶¶ 49-84.  The first separately alleged claim in his Corrected First Amended Complaint—that

23  Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of his constitutional rights

24  under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by "failing to intervene" and

25  _____

26      [11] Once again, Mr. Al-Mansur mentions statutes relating to the collection of debt, and he also
27  mentions a violation of 18 U.S.C. § 1346, a criminal fraud statute.  *See* Corrected Amended
    Complaint, ECF No. 21 at 1.  Because this is the only mention of these statutes, he brings no
28  separately stated claim for violating them, and he has no right to bring a private action for violation
    of 18 U.S.C. § 1346, the court does not consider them.

UNITED STATES DISTRICT COURT
For the Northern District of California

stop their own violations of the federal "removal statutes"—is the same as the first separately

alleged claim in his original complaint. *Compare* Complaint, ECF No. 1 ¶¶ 29-31 *with* Corrected

FAC, ECF No. 21 ¶¶ 49-51. The third separately alleged claim in Corrected First Amended

Complaint—that Defendants conspired in violation of 42 U.S.C. § 1985 to deprive him of his

constitutional rights "by ignoring Federal Congressional mandates and statutes"—is the same as the

third separately alleged claim in his original complaint. *Compare* Complaint, ECF No. 1 ¶¶ 36-43

*with* Corrected FAC, ECF No. 21 ¶¶ 58-65. And the fifth separately alleged claim in Corrected First

Amended Complaint—that Defendants conspired in violation of 42 U.S.C. § 1985 to violate the

federal removal statute, 28 U.S.C. § 1446, two federal criminal statutes, 18 U.S.C. §§ 241

(prohibiting conspiracies against rights) and 242 (prohibiting the deprivation of rights under color of

law), and his constitutional rights—is the same as the sixth separately alleged claim in his original

complaint. *Compare* Complaint, ECF No. 1 ¶¶ 52-58 *with* Corrected FAC, ECF No. 21 ¶¶ 78-84.

His second and fourth separately alleged claims are his new ones. In his second one, he alleges that

Defendants, through their extrinsic fraud, violated his constitutional rights under the Fourth, Fifth,

Sixth, Eighth, and Fourteenth Amendments. *See* Corrected FAC, ECF No. 21 ¶¶ 52-57. And in his

fourth one, he asks the court to declare that the state court's judgments are void because he properly

filed notices of removal that divested the state court of jurisdiction. *See id.* ¶¶ 66-77.

   In response to his Corrected First Amended Complaint, the Judicial Defendants move to strike

his claims against them. Judicial Defendants' Motion to Strike, ECF No. 25 at 3-4. In that same

motion, the Judicial Defendants also ask the court to declare Mr. Al-Mansur a "vexatious litigant."

*Id.* at 4. The Mortgagee Defendants, for their part, move to dismiss Mr. Al-Mansur's claims against

them. Mortgagee Defendants' Motion to Dismiss, ECF No. 29. And they, too, ask the court to

declare Mr. Al-Mansur a vexatious litigant. *Id.* at 6-7. Mr. Al-Mansur opposes Defendants'

motions, and he also moves to strike both the Mortgagee Defendants' motion to dismiss and their

opposition to his motion to strike. Plaintiff's Opposition and Motion to Strike, ECF No. 35;

Plaintiff's Motion to Strike, ECF No. 38.[12] Finally, Mr. Al-Mansur moves for summary judgment.

---

   [12] Mr. Al-Mansur filed along with his opposition and motion to strike a document titled

"Plaintiff's Memorandum of Points and Authorities in Support of Corrected First Amended

1    Plaintiff's Summary Judgment Motion, ECF No. 39.  Defendants' oppose his motion.  Mortgagee

2    Defendants' Opposition to Plaintiff's Summary Judgment Motion, ECF No. 47; Judicial Defendants'

3    Opposition to Plaintiff's Summary Judgment Motion, ECF No. 51.

4                                                **ANALYSIS**

5    **I.  LEGAL STANDARD**

6        **A.  Rule 12(b)(1)**

7        Dismissal of a claim is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the

8    court lacks subject-matter jurisdiction over the claim.  Federal subject-matter jurisdiction must exist

9    at the time the action is commenced.  *Morongo Band of Mission Indians v. Cal. Bd. of Equalization*,

10   858 F.2d 1376, 1380 (9th Cir. 1988).

11       A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal

12   jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal

13   sufficiency of the complaint (a factual challenge).  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

14   2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th[h]

15   Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  A facial attack asserts lack

16   of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact

17   in the complaint as true and construe them in the light most favorable to the plaintiffs."  *See Warren

18   v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  By contrast, with a factual

19   challenge, a court need not assume the truth of factual allegations but may hear additional evidence

20   about jurisdiction and resolve factual disputes when necessary.  *See Roberts*, 812 F.2d at 1177

21   (quotation omitted).  If a defendant challenges jurisdiction by presenting evidence, then the party

22   opposing the motion must present sufficient evidence to support the court's subject-matter

23   jurisdiction.  *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d

24   1036, 1040 n. 2 (9th Cir. 2003).

25       Dismissal of a complaint without leave to amend should only be granted where the jurisdictional

26   defect cannot be cured by amendment.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

27   _____

28   Complaint."  *See* Memo, ECF No. 34.  This documents appears to make the same arguments that he
     makes in his opposition briefs.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   (9th Cir. 2003).

2   **B. Rule 12(b)(6)**

3   A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it

4   does not contain enough facts to state a claim to relief that is plausible on its face. See *Bell Atlantic*

5   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

6   pleads factual content that allows the court to draw the reasonable inference that the defendant is

7   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

8   standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

9   defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint

10  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

11  obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and

12  conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

13  allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S.

14  at 555 (internal citations and parenthetical omitted).

15  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

16  and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551

17  U.S. 89, 93–94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). This

18  is particularly true where a plaintiff represents himself *pro se*. "A document filed *pro se* is to be

19  liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

20  standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

21  If the court dismisses the complaint, it should grant leave to amend even if no request to amend

22  is made "unless it determines that the pleading could not possibly be cured by the allegation of other

23  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v.*

24  *Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

25  **C. Rule 12(f)**

26  Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant,

27  immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid

28  spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d

UNITED STATES DISTRICT COURT
For the Northern District of California

1   970, 973-74 (9th Cir. 2010).  Motions to strike "are generally disfavored because the motions may

2   be used as delaying tactics and because of the strong policy favoring resolution of the merits."

3   *Barnes*, 718 F. Supp. 2d at 1170.  The ultimate decision under Rule 12(f) lies within the sound

4   discretion of the court.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on*

5   *other grounds*, 51 U.S. 517, 534-35 (1994).

6       A court may strike from an answer redundant, immaterial, or impertinent defenses.  A

7   "redundant" defense is one that includes allegations that are wholly foreign to the issues involved or

8   the needless repetition of allegations.  *Sliger v. Prospect Motg., LLC*, 789 F.Supp. 2d 1212, 1216

9   (E.D. Cal. 2011).  An "immaterial" defense is one that has no essential or important relationship to

10  the claim for relief.  *See Fantasy*, 984 F.2d at 1527.  And an "impertinent" defense is one that

11  includes allegations that do not pertain, and are not necessary, to the issues in question.  *Id.*

12  **II.  APPLICATION**

13      **A.  The Court Strikes Mr. Al-Mansur's Claims against the Judicial Defendants**

14      The Judicial Defendants move under Rule 12(f) to strike Mr. Al-Mansur's claims against them.

15  For the reasons explained below, the court will do so.

16      In its September 20, 2013 order, the court found that the *Rooker-Feldman* doctrine bars all of

17  Mr. Al-Mansur's claims against all Defendants.  The court dismissed with prejudice Mr. Al-

18  Mansur's claims against the Judicial Defendants.  It also dismissed without prejudice his claims

19  against the Mortgagee Defendants and allowed him to file a First Amended Complaint to allege a

20  claim for extrinsic fraud against the Mortgagee Defendants.  To be clear, the court specifically

21  stated:

22          The court thus finds that the *Rooker-Feldman* doctrine bars all of Mr. Al-Mansur's
            claims against all Defendants and his action must be dismissed because the court
23          lacks subject matter jurisdiction over it.  *See Noel*, 341 F.2d at 1163-64.  Because
            amendment would be futile, Mr. Al-Mansur's claims against the Judicial Defendants
24          are **DISMISSED WITH PREJUDICE**.  Nevertheless, on this record and out of an
            abundance of caution, given Mr. Al-Mansur's statement regarding extrinsic fraud in
25          his opposition, his claims against the Mortgagee Defendants are **DISMISSED
            WITHOUT PREJUDICE**.

26

27  9/13/2013 Order, ECF No. 14 at 10-11 (emphasis in original).  The court did not allow Mr. Al-

28  Mansur to re-allege his previous claims, or to allege a new claim for extrinsic fraud or declaratory

UNITED STATES DISTRICT COURT
For the Northern District of California

1  relief, against the Judicial Defendants.  Yet Mr. Al-Mansur did just that in his First Amended

2  Complaint.

3      Federal Rule of Civil Procedure 15(a)(2) provides that, aside from amendments made as a matter

4  of course under Rule 15(a)(1), a party may amend its pleading only with the opposing party's

5  written consent or the court's leave.  The Judicial Defendants do not consent to Mr. Al-Mansur

6  filing claims against them in his First Amended Complaint, and the court explicitly did not give him

7  permission to bring claims them.  For this reason, the court **GRANTS** the Judicial Defendants'

8  motion and **STRIKES** Mr. Al-Mansur's claims against them.[13]

9      **B.  The Court Dismisses Mr. Al-Mansur's Claims against the Mortgagee Defendants**

10      In its September 20, 2013 order, the court gave Mr. Al-Mansur leave to file an amended

11  complaint that attempts to allege a claim for extrinsic fraud against the Mortgagee Defendants.

12  9/20/2013 Order, ECF No. 14 at 10-11.  The court did not allow him to reallege his previous claims

13  against them, and they do no consent his realleging claims against them.  Because this was the only

14  basis for allowing an amended complaint, the court at this time **DISMISSES WITH PREJUDICE**

15  all of Mr. Al-Mansur's claims against them, except for his second one, which is for extrinsic fraud

16  and which the court addresses below.

17      As for Mr. Al-Mansur's extrinsic fraud claim against them, the court finds his allegations to be

18  insufficient.  As the court described above, in Paragraphs 41 and 42, Mr. Al-Mansur alleges that the

19  Mortgagee Defendants committed extrinsic fraud by filing the underlying unlawful detainer actions

20  mentioned above, even though they admitted (he says) in discovery responses that did not have the

21  grant deeds, deeds of trust, or trustee's deeds upon sale for 2415 Market Street, 2417 Market Street,

22

23  _____

24      [13] In his opposition, Mr. Al-Mansur states that he brings a claim for extrinsic fraud against
the Judicial Defendants and argues that an extrinsic fraud claim is not barred by red judicata.  *See*

25  Opposition to Judicial Defendants' Motion to Strike, ECF No. 26.  As the court explained in its
September 20, 2013 order, it is true that a claim for extrinsic fraud would not be barred by res

26  judicata; this is precisely why the court dismissed without prejudice Mr. Al-Mansur's claims against
the Mortgagee Defendants.  But this does not mean that his claims against the Judicial Defendants

27  survive.  Indeed, even if the court had given Mr. Al-Mansur permission to allege claims against the
Judicial Defendants (which it did not), he cites no authority stating or suggesting that the Judicial

28  Defendants are subject to an extrinsic fraud claim against themselves.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   and 2421 Market Street properties.  *See id.* ¶¶ 41-42.  This allegation, however, does not support a

2   claim for extrinsic fraud.  Mr. Al-Mansur suggests that by not providing documentation that they

3   owned the properties, the Mortgagee Defendants did not meet their burden to prove their unlawful

4   detainer cases and the state court should not have entered judgment in their favor.  But this is a

5   judicial error argument, not an extrinsic fraud one, and any claims based on judicial error are barred

6   by the *Rooker-Feldman* doctrine.  Second, Mr. Al-Mansur does not explain why he could not have

7   made this argument to the state court in the proceedings there.

8       Paragraphs 43 through 45 also do not help him.  In these paragraphs, Mr. Al-Mansur alleges that

9   the Mortgagee Defendants and their attorneys have a "collusive relationship" with Judge Carvill and

10  that their attorneys were "admonished for forging Judge Carvill's signature on a number of orders

11  and documents" in other actions not involving Mr. Al-Mansur.  *See id.* ¶¶ 43-45.  Mr. Al-Mansur,

12  however, does not tie any of these allegations to the unlawful detainer cases the Mortgagee

13  Defendants brought against him in state court and which are the subject of his action here.  He

14  alleges that the Mortgagee Defendants's attorneys were admonished for this conduct in a state court

15  action bearing the case number RG12636186, but the case numbers for the unlawful detainer actions

16  at issue here are RG11602224, RG11610380, RG12654029, and RG12654035.  (*See* Footnote 2

17  above for further case-identifying information.)  In short, Mr. Al-Mansur has alleged nothing to

18  support his claim that the Mortgagee Defendants committed extrinsic fraud upon the state court.  For

19  this reason, and because he has had ample opportunity to so allege, his extrinsic fraud claim against

20  the Mortgagee Defendants is **DISMISSED WITH PREJUDICE**.[14]  This means that all of Mr. Al-

21  Mansur's claims have been dismissed with prejudice, and therefore his action must be **DISMISSED**

22  **WITH PREJUDICE** as well.

23

24

25

---

26      [14] The court also notes that Mr. Al-Mansur's reliance on Federal Rule of Civil Procedure
    60(b) and (d) is misplaced.  See Corrected First Amended Complaint, ECF No. 21 ¶¶ 46-48; *see also*
27  *id.* at 26-33.  That rule allows a federal court to relieve a party from the federal court's judgments,
    orders, or proceedings.  *See* Fed. R. Civ. P. 60(b), (d).  It is not an exception to the *Rooker-Feldman*
28  doctrine and does not allow a federal court to relieve a party from a state court's judgments, orders,
    or proceedings.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**C.  The Court Denies Defendants' Motions to Declare Mr. Al-Mansur a Vexatious Litigant**

In their motions, the Judicial Defendants and the Mortgagee Defendants both ask the court to declare Mr. Al-Mansur a vexatious litigant.  Judicial Defendants' Motion to Strike, ECF No. 25 at 4; Mortgagee Defendants' Motion to Dismiss, ECF No. 29 at 6-7.  Both sets of Defendants mention the number of actions filed by Mr. Al-Mansur and state that he is abusing the legal system, but neither of them put much effort into their arguments for why the court should declare him a vexatious litigant here.  The Judicial Defendants cite *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007), in support of their statement that "[d]istrict courts are empowered to regulate the activities of vexatious litigants by orders narrowly tailored to prevent abusive behavior," but aside from this statement, neither party sets forth the legal standard for declaring a litigant vexatious.  Mr. Al-Mansur also states that the Mortgagee Defendants incorrectly say that he has prosecuted all of his actions without the assistance of counsel and argues that this affects the analysis.  In light of Defendants' less than complete effort and Mr. Al-Mansur's factual point, the court will not declare Mr. Al-Mansur a vexatious litigant at this time.  That said, should Mr. Al-Mansur bring meritless actions against Defendants, the court will entertain their motions again.  Accordingly, at this time, Defendants' motions to declare Mr. Al-Mansur a vexatious litigant are **DENIED**.

**D.  The Court Denies Mr. Al-Mansur's Motions to Strike**

Pursuant to Rule 12(f), Mr. Al-Mansur moves to strike both the Mortgagee Defendants' motion to dismiss and their opposition to his motion to strike.  As stated above, Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Neither the Mortgagee Defendants' motion to dismiss nor their opposition to his motion to strike is a "pleading," however.  Accordingly, the Mr. Al-Mansur's motions to strike are **DENIED**.

**E.  The Court Denies Mr. Al-Mansur's Motion for Summary Judgment**

In light of the court granting Defendants' motions and dismissing with prejudice all of Mr. Al-Mansur's claims, the court **DENIES** his motion for summary judgment.  Nothing in his motion changes the outcome here.

1

## CONCLUSION

2       For the foregoing reasons, the court **GRANTS** the Judicial Defendants' motion to strike,

3   **GRANTS** the Mortgagee Defendants motion to dismiss and **DISMISSES WITH PREJUDICE** Mr.

4   Al-Mansur's action, **DENIES** Defendants' motions to declare Mr. Al-Mansur a vexatious litigant,

5   **DENIES** Mr. Al-Mansur's motions to strike, and **DENIES** Mr. Al-Mansur's motion for summary

6   judgment.

7       **IT IS SO ORDERED.**

8   Dated: January 10, 2014

9                                                   _____
                                                    LAUREL BEELER
10                                                  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

C 13-03503 LB
ORDER