UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SABIR AL-MANSUR, | No. C 13-03503 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL** |
| v. | |
| JUDGE WYNNE CARVILL, et al., | [Re: ECF No. 54] |
| Defendants. | |

On January 10, 2014, the court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint and dismissed with prejudice Plaintiff's action. 1/10/2014 Order, ECF No. 52.[1] The court entered judgment in favor of Defendants and against Plaintiff that same day. Judgment, ECF No. 53.

On February 4, 2014, Plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. Motion, ECF No. 54. Three days later, on February 7, 2014, Plaintiff filed a notice of appeal to the Ninth Circuit. Notice of Appeal, ECF No. 56.

Rule 59 provides that a district court may, after conducting either a bench or a jury trial, grant a new trial to all or any of the parties on all or some of the issues. Fed. R. Civ. P. 59(a). As the court dismissed this action upon Defendants' motion to dismiss and no trial, whether bench or jury, took place, Plaintiff's motion is not appropriate and is **DENIED**.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-03503 LB
ORDER

1    To the extent that Plaintiff's motion can be construed as a motion for relief from a final
2 judgment, order, or proceeding pursuant to Rule 60(b), it still fails.  Rule 60(b) provides that a
3 district court may relieve a party from a final judgment, order or proceeding where one or more of
4 the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
5 discovered evidence which by due diligence could not have been discovered before the court's
6 decision; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void;
7 (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief.
8 Plaintiff presents no evidence to support any of these reasons.  He presents no arguments or
9 evidence that he did not (or could not have) already present to the court during the briefing on the
10 motions to dismiss.  Rather, he simply reargues the same points that the court rejected in its orders.
11 In essence, he argues that the court made the wrong decision, but that is an issue for the Ninth
12 Circuit, now that he has appealed.  Accordingly, Plaintiff's motion is **DENIED** on this ground as
13 well.

14    Finally, to the extent Plaintiff's motion can be construed as a motion for reconsideration under
15 Civil Local Rule 7-9(a), it fails as well.  Under that rule, a party must seek permission from the court
16 prior to filing a motion for reconsideration.  N.D. Cal. Civ. L.R. 7-9(a).  In seeking permission from
17 the court, the moving party must specifically show: (1)  That at the time of the motion for leave, a
18 material difference in fact or law exists from that which was presented to the Court before entry of
19 the interlocutory order for which reconsideration is sought. The party also must show that in the
20 exercise of reasonable diligence the party applying for reconsideration did not know such fact or law
21 at the time of the interlocutory order; or (2)  The emergence of new material facts or a change of law
22 occurring after the time of such order; or (3)  A manifest failure by the Court to consider material
23 facts or dispositive legal arguments which were presented to the Court before such interlocutory
24 order.  N.D. Cal. Civ. L.R.  7-9(b).  Even if the court grants a party leave to file a motion for
25 reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1)
26 the court is presented with newly discovered evidence, (2) the underlying decision was in clear error
27 or manifestly unjust, or (3) there is an intervening change in controlling law.  *See School Dis. No.*
28 *1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).  "No motion for

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1 leave to file a motion for reconsideration may repeat any oral or written argument made by the
2 applying party in support of or in opposition to the interlocutory order which the party now seeks to
3 have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge,
4 no response need be filed and no hearing will be held concerning a motion for leave to file a motion
5 to reconsider." N.D. Cal. Civ. L.R. 7-9(d). Plaintiff has not shown that there exists a material
6 difference in fact or law exists from that which was presented to the court during the briefing on the
7 motion to dismiss, that there are new material facts or has been a change of law occurring since then,
8 or that there was a manifest failure by the court to consider material facts or dispositive legal
9 arguments. Accordingly, Plaintiff's motion is **DENIED** on this ground, too.

In sum, regardless of how it is construed, Plaintiff's motion is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: February 13, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] The court may rule on Plaintiff's motion even though he filed his notice of appeal while it was pending. *See* Fed. R. App. P. 4(a)(4).